IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JERRY MOORE, <br><br> Petitioner, <br><br> vs. <br><br> WESTMORELAND COUNTY DISTRICT ATTORNEY'S OFFICE, JOHN WALTON, WARDEN; <br><br> RESPONDENTS, | 2:20-CV-00672-MJH |

## **ORDER**

Petitioner Jerry Moore, proceeding pro se, has filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the legality of his pre-trial detention in the Westmoreland County Prison. The case was referred to Magistrate Judge Patricia L. Dodge in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D. Magistrate Judge Dodge's Report and Recommendation, ECF No. 18, filed on September 28, 2020, recommended that the Petition be dismissed before service because Petitioner had not exhausted his state court remedies or demonstrated that extraordinary circumstances exist that merit the grant of the petition. Petitioner was informed that he could file Objections to the Report by October 13, 2020. Petitioner filed Objections, ECF No. 19, on October 13, 2020.

After review of the objections, the Petitioner does not address any different issues in his objections than what he asserts in his original Petition. After review of all filings, the following order is entered:

**IT IS HEREBY ORDERED** this 28th day of October, 2020, after de novo review of the record and of the Report and Recommendation, the Report is adopted as the opinion of the Court. The Petition for Writ of Habeas Corpus is denied. A certificate of appealability is likewise denied, as jurists of reason would not find this disposition to be debatable.[1]

BY THE COURT:

_(signature)_
MARILYN J. HORAN
UNITED STATES DISTRICT JUDGE

cc:  The Honorable Patricia L. Dodge
United States Magistrate Judge

Jerry Moore
4259-2019
Westmoreland County Prison
3000 South Grande Blvd.
Greensburg, PA 15601-9176

---

[1] See, e.g., Reese v. Pennsylvania, CV 19-775, 2019 WL 5746276, at *1 (W.D. Pa. Nov. 5, 2019) (finding that the certificate of appealability requirement applies to Section 2241 petitions filed by state pre-trial detainees) (citing Gibson v. Orleans Par. Sheriff, 13-30944, 2014 WL 1066987, at *1 (5th Cir. Mar. 20, 2014) ("Because Gibson is a state pre-trial detainee, a COA is required to appeal the district court's denial of § 2241 relief."); Evans v. Cir. Ct. of Cook County, Ill., 569 F.3d 665, 666 (7th Cir. 2009) ("Two other circuits that have considered the question have concluded that a state prisoner being held after an indictment or preliminary hearing, who seeks pretrial release, needs a certificate of appealability in order to appeal from a district court's decision denying a petition for a writ of habeas corpus.... We agree with these decisions")).